## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MCLAREN INSURANCE**
**COMPANY, LTD.,**

**Hon.**

    **Plaintiff,**

**Case No.:**

**vs.**

**HISCOX AGENCY LIMITED and**
**MEDPRO GROUP INC.,**

    **Defendants.**

---

## COMPLAINT

---

NOW COMES Plaintiff, McLaren Insurance Company, Ltd. ("MICoL"), by and through its undersigned attorneys, and for its Complaint against Defendants, Hiscox Agency Limited ("Hiscox") and MedPro Group Inc. ("MedPro"), hereby states as follows:

## NATURE OF THE ACTION

1.    This is an action for Hiscox's breach of the reinsurance agreement it entered into with MICoL and the damages sustained by MICoL as a result of Hiscox's breach of the agreement, and for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for the purpose of determining an actual controversy between the parties,

1

construing rights and legal obligations arising under a reinsurance agreement entered into by MICoL, and other insurers similarly situated, with Hiscox.

## PARTIES

2.     Plaintiff, MICoL, at all relevant times was a Cayman Island's domiciled insurance entity utilizing Marsh Cayman as its captive manager located in the Cayman Islands.  MICoL is a wholly owned subsidiary of McLaren Healthcare Corporation, which is headquartered in Grand Blanc, Michigan.

3.     Defendant, Hiscox, at all relevant times was a Bermuda insurance company, with its principal place of business in Bermuda.  Hiscox transacted reinsurance business in the United States by entering into an adverse development cover document with Defendant, MedPro Group Inc.

4.     Defendant, MedPro, at all relevant times was an Indiana corporation, with its principal place of business in Fort Wayne, Indiana. MedPro transacts business in Michigan.

## JURISDICTION AND VENUE

5.     Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because MICoL is a resident of a different country and state than Hiscox and

2

MedPro, and the value of the matter in controversy exceeds $75,000, exclusive of prejudgment interest, fees, and costs.

6.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 because: (1) Hiscox and MedPro do business within this District; (2) a substantial part of the events or omissions on which this matter is based occurred in this District; and/or (3) Hiscox, as a non-resident of the United States, may be sued in any judicial district.

## GENERAL ALLEGATIONS

### McLaren Insurance Company, Ltd.

7.      MICoL is a captive insurance company which, at all relevant times, insured McLaren Health Care Corporation and its other named insureds ("McLaren").

8.      Specifically, from October 1, 2015, to October 1, 2016, MICoL issued a Claims-Made Hospital Liability Insurance Policy, bearing policy number MHO-100115, to McLaren (the "Primary Policy"), which had a limit of liability of $5 million per claim for its Commercial General Liability coverage part.

9.      Additionally, from October 1, 2015, to October 1, 2016, MICoL issued an Excess Claims-Made Hospital Liability Insurance Policy, bearing policy number MHO-100115-XS, to McLaren, which had a $30 million per

claim/aggregate limit of liability for its Commercial General Liability coverage part (the "Reinsured Policy").

10.    Under the terms and conditions of the Primary Policy and Reinsured Policy, MICoL must indemnify McLaren for all sums McLaren becomes legally obligated to pay because of any claim(s) first made against McLaren during the policy period as a result of "bodily injury" arising out of an "event."

**Hiscox's Healthcare Reinsurance Agreement**

11.    MICoL and Hiscox entered into a Healthcare Reinsurance Agreement ("the Agreement"), bearing agreement number 24767_51299, with effective dates from October 1, 2015, to October 1, 2016. Hiscox's pro rata share of the limit of liability for the Commercial General Liability coverage part is 65% of $15,000,000, or $9.75 million per claim and in the aggregate.

12.    The Agreement follows form to the Reinsured Policy and obligates Hiscox to indemnify MICoL for any losses that fall within the terms and conditions of the Reinsured Policy and the Agreement.

13.    The only parties to the Agreement are MICoL and Hiscox.

14.    The Agreement provides under "Conditions" at paragraph 4, titled "Third Party Rights":

4

This Agreement is solely between the Reinsured [MICoL] and the Reinsurer [Hiscox], and except as provided for in Article 10 (Insolvency) no original insured, claimant or other third party shall have any rights under this Agreement nor shall this Agreement be assignable by the Reinsured without the prior written consent of the Reinsurer.

## The Legionella Batch Claim

15.    On February 1, 2016, Troy Kidd, Connie Taylor, Brian Kelsey, and Larry Balknight filed a complaint against McLaren, among others, in Genessee County Circuit Court alleging they, or their deceased family members, were exposed to Legionella bacteria and allegedly contracted Legionnaires Disease. Numerous other complaints against McLaren followed, which alleged the same issues (collectively the "Legionella Batch Claim").

16.    McLaren timely notified MICoL of the Legionella Batch Claim.

17.    The Legionella Batch Claim is covered under the Primary Policy and the Reinsured Policy, and no exclusions apply.

18.    Since the Legionella Batch Claim is covered under the Reinsured Policy, MICoL timely notified Hiscox of the Legionella Batch Claim and kept Hiscox apprised of the events occurring in the Legionella Batch Claim as litigation progressed.

19.   Throughout the pendency of the Legionella Batch Claim litigation, Hiscox sent correspondence to MICoL posing questions and requesting various documents as part of its claim handling under the Agreement.

20.   In and around June 2022, without any explanation, Hiscox's correspondence, and all future correspondence, were sent by or on behalf of MedPro purportedly asserting various coverage positions as to the Legionella Batch Claim under the Agreement.

21.   Specifically, Jennifer Berard, on behalf of MedPro, emailed counsel for MICoL on June 17, 2022, and stated:

> Feel free to refer to me and my involvement as "MedPro/Hiscox" versus just MedPro so that the other ins. folks know it's a Hiscox policy – MedPro acquired Hiscox 3624 on July 1, 2021 ….

22.   MedPro is not a party to the Agreement.

23.   At no time did MICoL enter into a reinsurance agreement with MedPro relevant to the Legionella Batch Claim, nor did MICoL consent to Hiscox assigning, selling, and/or transferring its duties and responsibilities under the Agreement to MedPro.

24.   In addition to Ms. Berard's statements on June 17, 2022, MICoL subsequently learned that Hiscox entered into an "Adverse Development Cover" document ("ADC") with MedPro, wherein, upon information and

belief, Hiscox transferred its duties and obligations under the Agreement to MedPro, and has been operating under that document since its execution.

25. When Hiscox disclosed this information to MICoL in 2024, it claimed it both gave notice to MICoL in advance of the effective date of the ADC obtaining MICoL's consent, and that it provided MICol with a copy of the ADC.

26. Hiscox was advised that, not only did it never give MICoL notice of the ADC and obtain MICoL's consent, but it never provided MICoL with a copy of the ADC.

27. MICoL asked Hiscox to provide it with a copy of the ADC and the advance notice purportedly given to MICoL and consent received, but Hiscox, to date, has failed and/or refused to respond to MICol's request.

28. MICoL subsequently asked MedPro to provide it with the ADC, however, MedPro refused MICoL's request.

29. Hiscox improperly assigned, sold, and/or transferred its duties and responsibilities under the Agreement to MedPro without MICoL's knowledge or consent.

## <u>COUNT I – BREACH OF CONTRACT</u>

30. Paragraphs 1 through 29 are realleged and incorporated herein by reference.

31.     The Agreement constitutes a valid and enforceable contract between Hiscox and MICoL.

32.     At all relevant times, MICoL paid all premiums, provided prompt notice of the Legionella Batch Claim, and otherwise performed all obligations required of it under the Agreement.

33.     Pursuant to the terms of the Agreement, the Agreement is solely between MICoL and Hiscox, and except as provided for in Article 10 of the Agreement (Insolvency), "no original insured, claimant or other third party shall have any rights under this Agreement."

34.     As detailed above, MICoL did not consent to the sale, transfer, and/or assignment of Hiscox's duties and obligations under the Agreement.

35.     As detailed above, in and around June 2022, without any explanation or MICoL's consent, Hiscox's communications, and all future communications, were sent by or on behalf of MedPro purportedly asserting various coverage positions as to the Legionella Batch Claim under the Agreement.

36.     By selling, assigning, and/or transferring its duties and responsibilities under the Agreement to MedPro, Hiscox breached the Agreement.

37.    By selling, assigning, and/or transferring its duties and responsibilities under the Agreement, MICoL has been damaged due to MedPro's self-interested incentive to limit MICoL's recovery under the Agreement, pursuant to the purported ADC.

38.    Due to Hiscox's breach of the Agreement and refusal to comply with its duties and obligations, MICoL was compelled to bring this action.

39.    As a direct and proximate result of Hiscox's breach of the Agreement, MICoL has been, and will be, damaged, and MICoL has incurred, and will continue to incur, attorneys' fees and costs in bringing this action and enforcing the Agreement. MICoL is entitled to reimbursement from Hiscox for its attorneys' fees and costs incurred in bringing this action, plus consequential damages, costs, expenses, and any and all further relief this Court deems just and proper, all of which were contemplated when Hiscox entered into the Agreement.

## COUNT II - DECLARATORY JUDGMENT

40.    Paragraphs 1 through 39 are realleged and incorporated herein by reference.

41.    MICoL entered into the Agreement with Hiscox.

42.    Upon information and belief, Hiscox entered into similar agreements with other insurers and related entities in the healthcare industry

that Hiscox also inappropriately attempted to transfer to MedPro ("Other Insurers").

43.    MICoL did not enter into the Agreement or any other relevant contract or agreement with MedPro.

44.    Upon information and belief, Other Insurers did not enter into contracts or agreements with MedPro ("Other Agreements").

45.    MICoL did not agree to allow MedPro to stand in the shoes of Hiscox to carry out the duties and obligations owed by Hiscox to MICoL under the Agreement.

46.    Upon information and belief, Other Insurers did not agree to allow MedPro to stand in the shoes of Hiscox to carry out the duties and obligations owed by Hiscox to Other Insurers under the Other Agreements.

47.    MICoL did not agree to an assignment, sale, or transfer of the duties and obligations owed to it by Hiscox under the Agreement to MedPro.

48.    Upon information and belief, Other Insurers did not agree to an assignment, sale, or transfer of the duties and obligations owed to them by Hiscox under the Other Agreements.

49.    MICoL is not in privity of contract with MedPro and owes MedPro no duties or obligations.

50.     Upon information and belief, Other Insurers are not in privity of contract with MedPro and owe MedPro no duties or obligations.

51.     MICoL never agreed to allow MedPro to handle, administer, direct, or otherwise be involved in any claims made under the Agreement issued to MICoL by Hiscox.

52.     Upon information and belief, Other Insurers never agreed to allow MedPro to handle, administer, direct, or otherwise be involved in any claims made under the Other Agreements issued by Hiscox ("Other Claims").

53.     Correspondence received from MedPro state the Legionella Batch Claim may not be covered under the Agreement.

54.     Upon information and belief, Other Insurers also received self-serving correspondence/communications from MedPro stating that their Other Claims are or may not be covered under the Other Agreements issued by Hiscox.

55.     MICoL did not agree to MedPro's involvement in the Legionella Batch Claim on behalf of Hiscox.

56.     Upon information and belief, Others Insurers did not agree to MedPro's involvement in the Other Claims on behalf of Hiscox.

57.   Any effort or attempt by Hiscox to assign or transfer the duties and obligations it owes to MICoL, including the ADC, is of no effect and MICoL is not bound by any such assignment or transfer.

58.   Upon information and belief, any effort or attempt by Hiscox to assign or transfer the duties and obligations owed by it to Other Insurers, including the ADC. is similarly of no effect and they are not bound by any such assignment or transfer.

59.   Hiscox's agreement, assignment, sale, and/or transfer of its duties and obligations under the Agreement and all such Other Agreements to MedPro are void and/or voidable.

60.   Hiscox remains fully responsible for the duties and obligations it owes MICoL under the Agreement, and for the duties and obligations it owes to Other Insurers under the Other Agreements.

61.   An actual controversy exists between MICoL, Other Insurers, Hiscox, and MedPro over whether: (1) Hiscox can transfer, assign, or otherwise relinquish the duties and obligations it owes to MICoL for the Legionella Batch Claim and the Other Insurers for the Other Claims to MedPro, (2) whether MedPro has any basis or ability to speak on behalf of or attempt to act in place of Hiscox as to MICoL with respect to the Agreement and the Other Insurers with respect to the Other Agreements,

and MICoL for the Legionella Batch Claim and the Other Insurers for the Other Claims, (3) whether MICoL and the Other Insurers are obligated to follow or otherwise accept any coverage position or other statement made by MedPro with regard to the Legionella Batch Claim and Other Claims, (4) whether Hiscox's agreement, assignment, sale, and/or transfer of its duties and obligations under the Agreement and Other Agreements, including the ADC, is void and/or voidable, and (5) whether MICoL and the Other Insurers owe any duties or obligations to MedPro with regard to the Legionella Batch Claim and the Other Claims.

62.    A judicial determination as to whether Hiscox can transfer, assign, or otherwise relinquish the duties and obligations it owes to MICoL and Other Insurers for the Legionella Batch Claim and the Other  Claims to MedPro without the agreement and consent of MICoL and the Other Insurers, whether MedPro has any basis or ability to speak for or take actions on behalf of Hiscox as to MICoL and Other Insurers with respect to the Legionella Batch Claim and Other Claims, whether MICoL and Other Insurers are obligated to follow or otherwise accept any coverage position or other statement made by MedPro with regard to the Agreement and Other Insurers' Other Agreements and the Legionella Batch Claim and Other Claims, whether Hiscox's agreement, assignment, sale, and/or transfer of its

duties and obligations under the Agreement and Other Agreements, including the ADC, is void and/or voidable, and whether MICoL and Other Insurers owe any duties or obligations to MedPro with regard to the Legionella Batch Claim and the Other Claims is therefore appropriate and necessary pursuant to 28 U.S.C. § 2201(a) and Federal Rule of Civil Procedure 57.

63.    MICoL respectfully requests that this Court make a binding judicial declaration in accordance with the contentions set forth above and otherwise declare that, pursuant to the terms and conditions of the Agreement, the Other Agreements, and applicable law, Hiscox remains fully responsible for its duties and obligations under the Agreement and the Other Agreements and cannot transfer, assign, or otherwise relinquish the duties and obligations it owes to MICoL and Other Insurers for their respective Legionella Batch Claim and Other Claims to MedPro without MICoL's and Other Insurers' agreement and consent, that MedPro has no basis or ability to speak or take actions on behalf of Hiscox as to MICoL and the Other Insurers with respect to the Legionella Batch Claim and Other Claims, that MICoL and Other Insurers are not obligated to follow or otherwise accept any purported coverage position or other statement by MedPro with respect to the Legionella Batch Claim and Other Claims, that MICoL and Other Insurers

owe no duties or obligations to MedPro with regard to the Legionella Batch Claim or Other Claims, and that any agreement, assignment, sale, and/or transfer of Hiscox's duties and obligations under the Agreement and Other Agreements to MedPro, including the ADC, is void.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, McLaren Insurance Company, Ltd., respectfully requests that this Honorable Court enter judgment on behalf of MICoL and Other Insurers against Hiscox and MedPro as follows:

(a) enter judgment against Hiscox for its breach of the Agreement and award MICoL all amounts to which it is determined to be entitled pursuant to the terms and conditions of the Agreement, plus consequential damages, attorneys' fees, costs, and expenses;

(b) declare that Hiscox cannot transfer, assign, or otherwise relinquish the duties and obligations it owes to MICoL and Other Insurers for the Legionella Batch Claim and Other Claims to MedPro without the agreement and consent of MICoL and Other Insurers,

(c) declare that MedPro has no basis or ability to speak or take actions on behalf of Hiscox as to MICoL and Other Insurers with respect to the Legionella Batch Claim and Other Claims,

(d) declare that MICoL and Other Insurers are not obligated to follow or otherwise accept any purported coverage position or other statements by MedPro with respect to the Legionella Batch Claim or Other Claims,

(e) declare that MICoL and Other Insurers owe no duties or obligations to MedPro with regard to, respectively, the Legionella Batch Claim and Other Claims;

(f) declare that any agreement, assignment, sale, and/or transfer of Hiscox's duties and obligations under the Agreement and Other Agreements to MedPro, including the ADC, is void; and

(g) such other and further relief as the Court deems appropriate.

Dated: December 27, 2024                    Respectfully submitted,

                                            WILSON GROUP LAW PLC


                                            _____
                                            James D. Wilson (P41338)
                                            Haley L. Baldwin (P86467)
                                            Two Towne Square, Suite 901
                                            Southfield, MI 48076
                                            (313) 983 – 1234
                                            (313) 983 – 1237
                                            jwilson@wglplc.com
                                            hbaldwin@wglplc.com

                                            *Attorneys for Plaintiff, McLaren
                                            Insurance Company, Ltd.*

16